UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANA NGUYEN, | No. 2:15-mc-118-KJM-EFB |
| Petitioner, | |
| v. | ORDER |
| STEVEN WOFSON, et al., | |
| Defendants. | |

On October 16, 2015, petitioner filed a verified petition pursuant to Federal Rule of Civil Procedure 27, requesting that the court permit her to perpetuate testimony from expected adverse parties. ECF No. 1.[1] For the reasons explained below, the petition is denied.

Petitioner seeks in a verified petition to conduct discovery related to a warrant that was issued by the Las Vegas Justice Court in Clark County, Nevada. *Id*. at 2, Ex. A. According to documents appended to the petition, the Clark County District Attorney's Office sent petitioner a letter informing her that the Nevada state court issued a warrant for her arrest for nonpayment of $5,575.00. *Id*. at Ex. A. In response, petitioner, though counsel, sent several requests to the district attorney to provide documents related to the amount she allegedly owed, arguing that the documents sought constituted exculpatory evidence. *Id*. at Exs. B, C, D. Despite the requests, petitioner claims that no responsive documents have been produced.

---

[1] This case is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(1). *See* 28 U.S.C. § 636(b)(1).

1

1    Petitioner further contends that she is a prospective plaintiff in an action intended to be
2 filed in this court, but that she is unable to bring the action based on her inability to obtain
3 information related to the nonpayment of the $5,575.00.  *Id*. at 2.  She claims that the expected
4 adverse parties to the anticipated action include Steven Wofson, Gleb O'Brien, Kavyn Lighten,
5 and the Clark County District Attorney's Office.  *Id*.  She believes the individual expected parties
6 have information related to the amount she allegedly failed to pay, and she therefore seeks the
7 court's permission to perpetuate their testimony through interrogatories.  *Id*.

8    Petitioner, however, has filed her Rule 27 petition in the wrong court.  Rule 27 provides
9 that "[a] person who wants to perpetuate testimony about any matter cognizable in a United States
10 court may file a verified petition in the district court for the district *where an expected adverse*
11 *party resides*."  Fed. R. Civ. P. 27(a)(1).  The petition indicates that all expected adverse parties
12 reside in Las Vegas, Nevada.  *Id*.  As none of the expected parties reside in this district, the
13 petition is denied and the Clerk is directed to close this miscellaneous case. [2]

14 DATED:  October 22, 2015.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner also filed a motion to proceed *in forma pauperis*.  ECF No. 2.  Given that the petition was filed in the wrong court and must therefore be denied, the court denies the motion to proceed *in forma pauperis* as moot.

2