UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANA NGUYEN, | No. 15-mc-118-KJM-EFB |
| Plaintiff, | |
| v. | ORDER |
| STEVEN WOFSON, et al., | |
| Defendant. | |

On October 16, 2015, petitioner filed a verified petition relying on Federal Rule of Civil Procedure 27, requesting the court to permit her to perpetuate testimony from expected adverse parties, and a motion to proceed in forma pauperis. ECF No. 1. On October 22, 2015, the magistrate judge denied the petition to perpetuate and the motion to proceed in forma pauperis, directing the case be closed. ECF No. 5. The petition was denied on the grounds petitioner has filed her Rule 27(a)(1) petition in the wrong court, because all expected adverse parties identified in the petition reside in Las Vegas, Nevada. *Id.* at 1. On October 26, 2015, petitioner filed the pending motion for reconsideration, arguing the order is contrary to Federal Rule of Civil Procedure 27(a)(1), and Congressional intent.

/////

/////

1

1  A discovery order issued by a magistrate judge under 28 U.S.C. § 636(b)(1) is
2 reviewed under a clearly erroneous or contrary to law standard.  *See* 28 U.S.C. § 636(b)(1); Local
3 Rule 72-303(f); *United States v. Raddatz*, 447 U.S. 667, 673 (1980).  Under this standard, the
4 magistrate judge's decision is affirmed unless "the reviewing court on the entire evidence is left
5 with the definite and firm conviction that a mistake has been committed."  *United States v. U.S.*
6 *Gypsum Co.*, 333 U.S. 364, 395 (1948).
7  Federal Rule of Civil Procedure 27(a)(1) provides the petitioner "may file a
8 verified petition in the district court for the district where any expected adverse party resides" and
9 must show:

> (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
>
> (B) the subject matter of the expected action and the petitioner's interest;
>
> (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
>
> (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses; so far as known; and
>
> (E) the name, address, and expected substance of the testimony of each deponent.

19 Fed. R. Civ. P. 27(a).
20  Here, petitioner argues she is not required under Federal Rule of Civil Procedure
21 27(a)(1) to file a verified petition in the district court for the district where the expected adverse
22 party resides.  She provides her own statutory interpretation of Federal Rule of Civil Procedure
23 27(a)(1).  ECF No. 6-1 at 2–7.  However, contrary to petitioner's argument, Federal Rule of Civil
24 Procedure 27(a)(1) does require petitioner to file the verified petition in the district court for the
25 district where any expected adverse party resides.  *See Hunt v. Aurora Loan Servs., LLC*, No. 11-
26 9085, 2011 WL 2200811 (D. Or. June 7, 2011) (affirming the finding plaintiff did not comply
27 with Federal Rule of Civil Procedure 27(a)(1) because plaintiff failed to allege "any expected
28 adverse party resides" in the district where plaintiff filed the verified petition in addition to other

1  requirements); *Petition of Haussler*, 10 F.R.D. 134, 135 (E.D.N.Y. 1950) (finding petition should
2  be filed where the adverse party resides).
3      The court is not left with "the definite and firm conviction" a mistake has been
4  made. On the contrary, Federal Rule of Civil Procedure 27(a)(1) and case law support the denial
5  of plaintiff's petition. Plaintiff has failed to demonstrate that the magistrate judge's order was
6  clearly erroneous or contrary to law.
7      For the reasons explained above, plaintiff's motion for reconsideration is DENIED.
8      IT IS SO ORDERED.
9  DATED: November 24, 2015.

_____
UNITED STATES DISTRICT JUDGE